UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SANDERS LAMONT ADAMS aka
LAMONT ADAMS, 93-A-7902,

           Petitioner,

     -v-                                    **DECISION and ORDER**
                                               00-CV-189S

VICTOR T. HERBERT, Superintendent
Attica Correctional Facility,

           Respondent.

───────────────────────────────

       Adams' petition for habeas corpus was denied by Order of this Court entered on June 25, 2001. (Docket No. 16). Petitioner filed motions to vacate the dismissal of his petition, which were denied. (Docket Nos. 21 and 22). Petitioner's appeal was dismissed by the United States Court of Appeals for the Second Circuit. (Docket No. 25). Thereafter, petitioner filed yet another motion to vacate this Court's dismissal of his petition, which was denied on December 23, 2002. (Docket No. 27).

       Presently before the Court is petitioner's motion seeking, yet again, to have the Court reconsider its orders dismissing the petition and denying his previous applications to have this Court vacate that dismissal. Petitioner's motion is brought under Fed. R. Civ. P. 60(b), which provides relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.

       Petitioner's motion fails to provide any relevant information which would lead this Court to reconsider the orders denying his petition and his previous motions for

reconsideration. The instant motion can only be described as incoherent and nonsensical, the fourteen page supporting affirmation consisting, for the most part, of a string of incantation-like and inscrutable citations to pleadings and orders that were filed in some of the many other frivolous lawsuits the petitioner has initiated in the federal courts in New York over the years.[1]  In short, the instant motion is entirely in keeping with what the Second Circuit has termed the petitioner's "uncontrollable propensity to pursue vexatious and harassing litigation," *Adams v. Selsky*, 03-0023, Mandate (2d Cir. Apr. 12, 2004) (citations omitted), and illustrates why this Court imposed upon petitioner the sanctions enumerated in its Decisions and Orders of April 5 and June 13, 2005 in another of the many cases he has filed in the Western District. (*See Adams v. West*, 04-CV-0844S, Docket Nos. 9 and 12). Accordingly, the petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated:     September 21, 2005
           Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge

---

[1] The Court notes that, symptomatic of his long-standing habit of mixing all of his cases together, petitioner does not even use the correct case captions on the notice of motion and the affirmation submitted in support thereof.